UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TRAVIS H.,

                Plaintiff,

v.                                                                                    5:25-CV-00133
                                                                                     (ML)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                                          OF COUNSEL:

OLINSKY LAW GROUP                               HOWARD D. OLINSKY, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION          FERGUS J. KAISER, ESQ.
  Counsel for the Defendant                          Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was

heard in connection with those motions on March 19, 2026, during a telephone conference

_____

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c),
has been treated in accordance with the procedures set forth in General Order No. 18.  Under
that General Order once issue has been joined, an action such as this is considered procedurally,
as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure.

conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)      Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED.

2)      Defendant's motion for judgment on the pleadings (Dkt. No. 17) is DENIED.

3)      The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4)      This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5)      The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: March 19, 2026
       Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------x
TRAVIS HANK H.,

                              Plaintiff,

vs.                           5:25-CV-133

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
----------------------------------------x
```

Transcript of a **Decision** held during a
Telephone Conference on March 19, 2026, the
HONORABLE MIROSLAV LOVRIC, United States Magistrate
Judge, Presiding.


A P P E A R A N C E S

(By Telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    250 South Clinton Street - Suite 210
                    Syracuse, New York  13202
                      BY:  HOWARD D. OLINSKY, ESQ.


For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of the General Counsel
                    6401 Security Boulevard
                    Baltimore, Maryland  21235
                      BY:  FERGUS J. KAISER, ESQ.


*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

(The Court and all counsel present by telephone.)

THE COURT:  All right.  Well, the Court's going to begin its reasoning, analysis, and decision as follows.

Plaintiff has commenced this proceeding pursuant to Title 42 United States Code Section 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that he was not disabled at the relevant times and therefore ineligible for the benefits that he sought.

By way of background, the Court notes as follows. Plaintiff was born in 1980.  He is currently approximately 45 years of age.  He was approximately 42 years of age on the date of his application for benefits.  At the time of his administrative hearing on January 19th of 2024, plaintiff resided with his wife and young son.  Plaintiff stands approximately 5 feet 11 inches in height and weighs approximately 283 pounds.  Plaintiff is a high school graduate who attended regular education classes and subsequently obtained a bachelor's degree.  Plaintiff served in the Marine Corps from 2002 to 2006, including three combat deployments in Iraq.  Plaintiff reported that he left the military due to post-traumatic stress disorder related to his combat experience.  Following his discharge from the military, plaintiff served several years as a police officer. After leaving the police department, plaintiff has held

short-term employment positions as a security guard, assembly line worker, and a lawn service employee.

Plaintiff attributes a number of his physical impairments to his time in the military, including a traumatic brain injury, hearing loss, and lower back pain. Since leaving the military, plaintiff has received outpatient psychiatric care through the Veterans Affairs, also known as the VA, that being the Veterans Affairs medical system, for symptoms including panic attacks, hallucinations, irritability, and hypervigilance.  In October of 2022, plaintiff was hospitalized for four days due to suicidal ideation.

Procedurally, the Court notes as follows in this case.  Plaintiff applied for Title II benefits on July 3rd of 2022, alleging an onset date of February 1 of 2022.  In support of his application for benefits, plaintiff claimed disability based on a number of physical and mental health impairments, including PTSD, lower lumbar strain, tinnitus, knee injuries, and asthma.

Administrative Law Judge Mary Jane Pelton conducted a hearing on January 19th, 2024 to address plaintiff's application for benefits.  ALJ Pelton issued an unfavorable decision on February 23rd of 2024.  That decision became the final determination of the Agency on December 12th of 2024 when the Appeals Council denied plaintiff's request for

review.  This action was commenced on January 29th of 2025 and it is timely.

In her February 23rd, 2024 decision at issue in this case, the ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through December 31 of 2022 and then the ALJ commenced the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity from his alleged onset date of February 1, 2022 through his date last insured of December 31st of 2022.

At step two, the ALJ concluded that plaintiff had the following severe impairments through his date last insured:  That being, degenerative disk disease of the lumbar spine, degenerative joint disease of the left knee, PTSD, and depressive disorder.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  In making this determination, the ALJ expressly considered Listings 1.15, dealing with disorders of the skeletal spine; 1.16, dealing with lumbar spinal stenosis; Listing 1.18, dealing with abnormality of a major joint; Listing 12.04, dealing with depressive, bipolar, and related disorders; and lastly, Listing 12.15, dealing with trauma and

5

stressor-related disorders.

Next, the ALJ determined that plaintiff has the residual functional capacity, also referred to as RFC, to perform less than the full range of medium work through the date last insured.  Specifically, the ALJ found as follows: That plaintiff could frequently stoop, kneel, crouch, and crawl; that plaintiff should avoid concentrated exposure to extreme cold, fumes, dusts, gases, and poor ventilation; that plaintiff could understand, remember, and carry out simple instructions; could use judgment to make simple work-related decisions; and that plaintiff should work in a job with occasional changes in the routine work setting.  The ALJ also found that plaintiff could not perform work requiring a specific production rate or perform work that required hourly quotas.  The V -- excuse me, the ALJ also concluded plaintiff could have occasional interaction with coworkers and supervisors and no interaction with the public.  And lastly, the ALJ concluded that plaintiff was limited to working in a moderate noise level environment.

At step four, the ALJ determined that plaintiff was unable to perform any past relevant work through the date last insured.

Next, at step five, the ALJ relied on the vocational expert testimony to find that, considering plaintiff's age, education, work experience, and RFC, that

there were jobs existing in significant numbers in the national economy that plaintiff could perform through the date last insured.

And then lastly, accordingly, the ALJ found that and concluded that plaintiff was not disabled at the time from the alleged onset date of February 1, 2022 through the date last insured of December 31st of 2022.

The Court next turns to plaintiff's arguments in this matter. First, the Court begins by reminding the parties that this Court's functional role in this case is limited and extremely deferential. The Court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion. As the Second Circuit has noted in *Brault v. Social Security Administration Commissioner*, 683 F.3d 443, a 2012 Second Circuit case, this standard is demanding, more so than the clearly erroneous standard. The court noted in *Brault* that once there is a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude otherwise.

Plaintiff contends that the ALJ failed to properly consider plaintiff's Veterans Affairs medical and mental health records when analyzing the Listing requirements and when reaching her RFC determination, because, as the

plaintiff argues, the ALJ only made vague reference to that extensive volume of records and failed to cite any specific treatment notes to support her conclusions.

The Court next turns to its analysis and decision in this case.  This Court finds that remand for further administrative proceedings is required to allow the ALJ to properly evaluate plaintiff's mental health treatment records and to provide an adequate explanation for her assessment of the listing criteria and the functional limitations in plaintiff's RFC.  And the Court concludes that for the following reasons.

First, this Court recognizes that ALJs are not required to reconcile every conflicting shred of evidence in their decisions.  However, it is equally true that ALJs must discuss the evidence and factors "crucial" to the disability determination with "sufficient specificity to enable [this Court] to decide whether the determination is supported by substantial evidence."  Put another way, an ALJ must "build an accurate and logical bridge" from the evidence to her conclusion to enable a meaningful review.

Plaintiff correctly notes that the overwhelming majority of the medical and mental health notes in the Administrative Record derive from plaintiff's treatment in the VA medical system, with the limited exception of the physical and psychiatric consultative examination reports

8

performed in connection with his benefits application.

As part of her analysis of the Listing criteria for mental health impairments at step three of the sequential evaluation, the ALJ was required to consider whether plaintiff satisfied the paragraph B criteria.  That is, the ALJ had to assess whether plaintiff had an "extreme limitation in one" or "marked limitations in two" of the four areas of mental functioning.  And those areas being:  One, understanding, remembering, or applying information; two, interacting with others; three, concentrating, persisting, or maintaining pace; and four, adapting or managing oneself.

Despite the volume of VA treatment notes in the record, the ALJ's paragraph B analysis relies almost exclusively on the consultative psychiatric examination report prepared by Dr. Dennis Noia in September of 2022. This raises questions regarding the validity of that analysis.

The Second Circuit has "frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination ... This is even more pronounced in the context of mental illness where ... a one-time snapshot of a claimant's status may not be indicative of [his] longitudinal mental health."  For this proposition, see case *Estrella v. Berryhill*, 925 F.3d 90 at page 98, that's a Second Circuit 2019 case.  See also case of

*Sheenalee D. v. Commissioner of Social Security* at 8:19-CV-140, and that is a District Court Thomas J. McAvoy case along with Magistrate Judge Andrew T. Baxter, and that can be found at 2020 WL 1034396, at *5, and that's a Northern District New York February 3rd, 2020 case, and therein, the magistrate judge recommending remand where ALJ's paragraph B analysis was based solely on single consultative examination report.  And that report and recommendation was adopted by District Judge McAvoy and that adoption and decision is found at 2020 WL 1030652, Northern District New York, March 3rd, 2020 decision.

That caution would seem especially appropriate here, where the consultative examination occurred one month prior to plaintiff being hospitalized after contacting a crisis hotline and expressing a desire to shoot himself in the head.

The ALJ's RFC analysis suggests a similarly inadequate review.  As plaintiff's brief illustrates, the ALJ relied on broad citations to the VA mental health records that cover hundreds of pages of treatment notes.  For example, the ALJ characterizes a series of mental status examinations conducted by the VA staff as "unremarkable" or "within normal limits" but references no specific findings to support this conclusion and, instead, the ALJ makes a series of blanket citations to the record that cover a period from

June 2020 to August of 2023 and ultimately encompass 1609 pages. Many of the records included in these vague citations are unrelated to mental health. Such generic references to the treatment record do not satisfy the substantial evidence requirement because they fail to explain what evidence the ALJ actually utilized to reach her decision. See case of *Rick Paul B. v. Commissioner of Social Security*, 5:23-CV-1261, that is a District Court -- that is a District Judge Mae D'Agostino decision, along with Magistrate Judge Thérèse Dancks, and that is found at 2025 WL 347642, at *6, Northern District New York, January 10th, 2025 decision, and therein, the district judge setting forth a collection of cases for this proposition.

The Commissioner's brief identifies some individual treatment notes that could support the ALJ's decision had she cited them, but she did not. This Court may not affirm the ALJ's decision solely on those post-hoc rationalizations. Because the ALJ failed to build the accurate and logical bridge necessary for this Court to evaluate the evidence behind her disability determination, remand is required so that the ALJ may adequately explain her reasoning in the written decision.

Accordingly, it is this Court's decision that plaintiff's motion for judgment on the pleadings is granted. Defendant's motion for judgment on the pleadings is denied,

and the matter is reversed and remanded to the Commissioner pursuant to sentence four of Title 42 U.S. Code Section 405(g) for further proceedings consistent with this decision and order.

That constitutes the decision of this court.

CERTIFICATE OF OFFICIAL REPORTER


I, JODI L. HIBBARD, RMR, CRR, CSR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 19th day of March, 2026.


/S/ JODI L. HIBBARD

JODI L. HIBBARD, RMR, CRR, CSR
Official U.S. Court Reporter

JODI L. HIBBARD, RMR, CRR, CSR
(315) 234-8547